## HANDFIELD PETROLEUM CO. et al. v. ALLEN et al.

No. 22664. Opinion Filed May 3, 1932.

Hudson & Hudson, for petitioners.

W. H. Tipton and Robert D. Crowe, for respondents.

RILEY, J. Herein is presented a petition to review an award made by the State Industrial Commission in favor of respondent Walter J. Allen, herein referred to as claimant.

The accidental injury out of which the claim arose was received by claimant January 26, 1931. He was temporarily totally

disabled from January 26 to March 26, 1931, and sustained a permanent loss of the use of his right eye as a result of said accidental injury.

The State Industrial Commission found that claimant's average daily wage at the date of accident was $4, and awarded compensation for temporary total disability for the period between January 26, and March 26, 1931, less five days' waiting period, seven weeks and four days at $15.39 per week, and for the loss of the eye 100 weeks at the same rate.

The only controversy is as to the finding of $4 average daily wage. The uncontradicted evidence is that for the 12 month period immediately preceding his accidental injuries, claimant was employed by the Handfield Petroleum Company to pump certain oil wells on a lease owned by that company for which it paid him $350.70. The work did not require all of his time, and he was by a separate contract employed during said time by H. E. Clark to pump certain oil wells for him on another and different lease, for which he was paid the sum of $420. His employment with both not requiring all of his time, he operated a station for the sale of gasoline and oil under a written contract with the Magnolia Petroleum Company as a dealer, whereby he agreed to sell, handle, and distribute petroleum and other products, said products to be delivered to him by the Magnolia Company at its wholesale schedule to be sold by him at retail prices fixed by the company. His compensation was the difference between the wholesale and retail price of the products. The filling station was owned by claimant, but appears to have been leased to the Magnolia Company under a separate agreement. In the written contract for handling the products, the Magnolia Petroleum Company was called the "company" and Allen was called "dealer." The fifth clause of the contract contained the following:

"Dealer agrees to keep said station and all products and merchandise in a neat and orderly manner; to render prompt, adequate, and courteous service to patrons; to display at said station only such advertising as company may furnish or approve; to pay all charges for water, light, heat and telephone, and all other expenses connected with or incident to the operation of said station; all employees required for the proper operation of the station shall be provided and paid by dealer, and shall be the dealer's employees, and not company's employees, and entirely under the direction and control of dealer."

The evidence shows that during the year claimant received from the sale of Magnolia products the sum of $749. For the twelve months immediately before the accident claimant was paid for his services by the Handfield Petroleum Company $350.70, and for the same kind of work during the same period he was paid by Clark the sum of $420, a total for the 12 month period of $770.70, exclusive of income from the filling stations.

It is apparent that the Commission took into consideration the $749, which claimant received as dealer for the Magnolia Petroleum Company products in arriving at claimant's daily wage. It was necessary so to do in order to find his average daily wage to be $4. His total earnings for the year as a pumper were but $770.70, and therefore his daily average wage from that source could not have been as much as $4.

At the hearing before the State Industrial Commission petitioners contended that in determining the amount of compensation only the wages paid by the employer in whose employ the claimant received his injury could be considered, but here they concede that the wages paid by both employers of the same class or character of work could be considered, but not his earnings, profits or income from the sale of Magnolia products at the service station.

In some of the states where the statute makes no provision relative to a workman who is employed under separate concurrent contracts, the rule is that only the wages earned in the employment in which the injury is received are to be considered in determining the rate of compensation. In other states, including Oklahoma, the rule is that a workman who is employed under separate concurrent contracts is entitled to compensation based on his entire wages under such contracts upon receiving an injury while in the performance of his duties on one of the contracts.

By section 7289, C. O. S. 1921, it is provided that, except where it is otherwise provided in the act, the average weekly wage of the injured employee at the time of the injury shall be taken as the basis on which to compute compensation. Subdivision 4 of said section provides:

"The average weekly wages of an employee shall be 1/52 part of his average annual earnings."

Claimant's earnings in connection with his contract with the Magnolia Petroleum Company were a part of his annual earnings, but in no sense could they be termed wages. He was conducting a business or enterprise of his own. In this he could, under the contract, and did, according to the evidence, employ others to help him. He testified that

he had a woman to operate the station for him when he was not there. The relation of employer and employee did not exist between the claimant and the Magnolia Petroleum Company. The average annual earnings referred to in subdivision 4, section 7289, supra, mean his earnings as wages and not profit derived from his business enterprise. It was error to take into consideration the amount derived from the operation of his service station in determining the amount of weekly compensation. His compensation must be based upon the amount of his average weekly wages computed as provided in section 7289, supra. His wages earned while working for the Handfield Petroleum Company and Clark may be considered, but not his income from his service station.

The award is therefore vacated and the cause is remanded to the State Industrial Commission, with directions to make an award in accordance with the views herein expressed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating. LESTER, C. J., and HEFNER, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 149, 260; L. R. A. 1917D, 175; 2 A. L. R. 1642; 38 A. L. R. 844; 28 R. C. L. 821; R. C. L. Perm. Supp. p. 6244; R. C. L. Pocket Part, title Workmen's Compensation, § 108.